# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
### Case No: 3:25-cv-584

| | |
|---|---|
| **EAST FORK POTTERY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT** |
| ) | **(Jury Demand)** |
| **THE PHOENIX INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

Plaintiff East Fork Pottery, LLC ("East Fork"), for its Verified Complaint against Defendant The Phoenix Insurance Company, alleges the following:

## Parties, Jurisdiction and Venue

1. East Fork is a North Carolina limited liability company with its principal place of business in Buncombe County, North Carolina.

2. Based on pleadings in other Federal Courts, The Phoenix Insurance Company ("Phoenix") is a citizen of the state of Connecticut with its principal place of business in Connecticut. Phoenix regularly transacts business in North Carolina, including its issuance of the subject insurance policy to East Fork in North Carolina. Phoenix is wholly owned by The Travelers Indemnity Company, and its ultimate parent is The Travelers Companies, Inc. Both The Travelers Indemnity Company and The Travelers Companies, Inc. are citizens of the state of Connecticut. Phoenix commonly conducts the business of insurance under the name "Travelers," including in its dealings and communications under

the subject insurance policy issued to East Fork. Therefore, Phoenix is hereinafter referred to as "Travelers."

3. No member of East Fork is a citizen of Connecticut.

4. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise the East Fork's claims occurred in this District.

**Verified Facts**

6. At all times relevant to this action, East Fork was the named insured under Travelers' Deluxe Property Insurance Policy No. Y-630-3Y624710-PHX-24 (the "Travelers Policy" or "Policy"). The Travelers Policy is attached hereto as Exhibit A and incorporated as if fully restated herein.

7. The properties owned and/or operated by East Fork that were covered by the Travelers Policy were set forth in the Policy's Location Schedule (the "Covered Properties").

8. The Travelers Policy included the Deluxe Business Income (and Extra Expense) Coverage Form, DX T1 01 11 12 (the "BI Coverage Form").

9. The Travelers Policy included also the Deluxe Property Coverage Part Amendatory Endorsement titled Causes of Loss – Broad Form Flood, DX T3 02 11 12 (the "Flood Coverage Endorsement").

10. The BI Coverage Form provided coverage for loss of Business Income and Extra Expense resulting from the various circumstances set forth therein and in the Travelers Policy generally, including the Flood Coverage Endorsement.

2

11.     The BI Coverage Form covered loss of Business Income and Extra Expense resulting from certain Civil Authority actions related to a Covered Cause of Loss.

12.     On September 27, 2024, Hurricane Helene devastated Asheville and surrounding areas, including East Fork's business and the Covered Properties.  Among other things, the winds of Hurricane Helene downed thousands of trees in the vicinity of the Covered Properties.  In response to the resulting danger, local, state and federal civil authorities imposed travel bans, barricaded road closures and other acts that prohibited access to the Covered Properties and enabled first responders to reach damaged properties and injured residents.

13.     Like so many other businesses and individuals in and around Asheville, East Fork presented a claim for coverage East Fork purchased and was promised under the Travelers Policy.

14.     Travelers eventually sent a claim adjuster, Anthony Morris, to Asheville on October 23, 2024 to purportedly investigate East Fork's claim.  Travelers assigned three claim numbers to East Fork's claim, F4S3375, F4S3378 and F4S3379 (collectively, the "East Fork Claim").

15.     Beginning on October 30, 2024, Travelers, through its authorized agent Mr. Morris, issued five coverage letters to East Fork (the "Coverage Letters").  Travelers' Coverage Letters were dated October 30, 2024, October 31, 2024, November 6, 2024 and December 27, 2024 (two letters).  The Coverage Letters are incorporated as if fully restated herein.

16.     Travelers' two Coverage Letters issued on December 27, 2024 denied coverage for East Fork's Business Interruption and Extra Expense losses (together "BI Losses").  Essentially, Travelers disclaimed any obligation for East Fork's BI Losses based on carefully selected, and distorted, Policy language.  Travelers' anti-coverage arguments warped the Policy provisions on which Travelers relied, and disregarded Policy provisions establishing coverage of East Fork's BI Losses.

17.     Travelers' two Coverage Letters issued on December 27, 2024 included a false statement that Jenny Hassler, East Fork's Director of Finance, "advised" Mr. Morris that East Fork's "business stopped due to the off premises damage to the utilities caused by flood waters." This was a deliberate misrepresentation as Ms. Hassler said no such thing.

18.     East Fork, through Ms. Hassler and East Fork's insurance broker, Sam Stickney at Insurance Services of Asheville, sent several emails to Mr. Morris regarding Travelers' wrongful denial of coverage for East Fork's BI Losses. Mr. Morris and Travelers refused to reconsider the wrongful denial. The emails between East Fork and Travelers are incorporated as if fully restated herein.

19.     Travelers' Coverage Letters did not indicate that Travelers had evaluated coverage under the Civil Authority coverage provision contained in the BI Coverage Part. On December 16, 2024, Mr. Stickney asked Mr. Morris to evaluate coverage thereunder. Mr. Morris promised to do so and provide a "written response." Having received no response, on December 26, 2024 and again on February 3, 2025, Mr. Stickney reiterated the request that Mr. Morris evaluate coverage under the Policy's Civil Authority coverage provision. Mr. Morris never responded. Apparently, Mr. Morris either failed to evaluate Civil Authority coverage as he promised, or realized that the BI Losses were covered under the Civil Authority provision and concealed the coverage from East Fork.

20.     Because of Travelers' wrongful denial of coverage for East Fork's BI Losses, East Fork was forced to engage undersigned counsel to secure the coverage Travelers promised in exchange for East Fork's payment of the Policy premium.

21.     Undersigned counsel analyzed the coverages provided under the Travelers Policy and sent a detailed letter to Mr. Morris on April 28, 2025. The letter is attached hereto as Exhibit B and incorporated as if fully restated herein.

22. Neither Mr. Morris nor anyone else on behalf of Travelers responded to the April 28, 2025 letter, despite follow-up emails to Mr. Morris on May 22, 2025 and June 10, 2025. Mr. Morris did not even extend the courtesy of acknowledging his receipt of the letter or follow-up emails.

23. The April 28, 2025 letter to Mr. Morris pointed out that, among the multiple deficiencies in Travelers' Coverage Letters, Travelers' denial of coverage for East Fork's BI Losses was contrary to the Supreme Court of North Carolina's December 13, 2024 landmark decision in *North State Deli, LLC v. Cincinnati Ins. Co.*, 908 S.E.2d 802 (N.C. 2024).

24. The April 28, 2025 letter informed Mr. Morris and Travelers that the Coverage Letters suffered some of the same deficiencies as the insurer's coverage communications at issue in *DENC, LLC v. Philadelphia Ind. Ins. Co.*, 426 F.Supp.3d 151, 155 (M.D.N.C. 2019). In that case, the Middle District of North Carolina awarded treble damages and attorneys' fees against an insurer for its violations of the North Carolina Unfair Claims Settlement Practices Act. Among other things, the Court found that the insurer's coverage correspondence did not meet its obligation to provide a prompt, detailed and coherent explanation of the basis of a coverage denial. The Fourth Circuit Court of Appeals affirmed the treble damages judgment against the insurer. *DENC, LLC v. Philadelphia Ind. Ins. Co.,* 32 F.4th 38 (4th Cir. 2022).

**First Claim for Relief**
**(Breach of Contract)**

25. East Fork incorporates as if fully restated the contents of paragraphs 1 through 24 of this Verified Complaint.

26. The Travelers Policy is a valid and enforceable contract between the East Fork and Travelers.

27. East Fork has fulfilled all its obligations, and all conditions stated in the Travelers Policy and under North Carolina law.

28. Travelers materially breached the Policy by failing and refusing to provide the coverages it promised, as detailed in paragraphs 14 through 24 above.

29. As a direct and proximate result of Travelers' material breaches of the Travelers Policy, East Fork has suffered compensable damages of approximately $1,125,000, plus prejudgment interest at the statutory rate of eight percent per annum calculated from December 27, 2024, the date of Travelers' first breach of the Policy.

**Second Claim For Relief**
**(Violations of N.C. Gen. Stat. §§ 58-63-15(11) and 75-1.1)**

30. East Fork incorporates as if fully restated the allegations of paragraphs 1 through 29 of this Verified Complaint.

31. The North Carolina Unfair Claims Settlement Practices statute, at N.C. Gen. Stat. § 58-63-15(11), outlaws certain specified conduct by insurers and their agents in relation to the investigation, adjustment and payment of claims for insurance coverage. Each violation of the statute constitutes a *per se* violation of the North Carolina Unfair and Deceptive Trade Practices Act. N.C. Gen. Stat. § 75-1.1 *et seq.*; *Gray v. North Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 529 S.E.2d 676, 683 (2000).

32. The conduct of Travelers described in paragraphs 14 through 24 above violated the following subsections of N.C. Gen. Stat. §§ 58-63-15(11), each of which constitutes a *per se* violation of N.C. Gen. Stat. § 75-1.1:

   a. "Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue";

b. "Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies";

d. "Refusing to pay claims without conducting a reasonable investigation based upon all available information";

f. "Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear"; and

n. "Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

33. As a direct and proximate result of Travelers' statutory violations identified in preceding paragraph 32 of this Verified Complaint, East Fork has sustained compensatory damages of approximately $1,125,000, plus prejudgment interest at the statutory rate of eight percent per annum calculated from December 27, 2024.

34. Pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1, East Fork is entitled to recover a mandatory award of treble damages and a discretionary award of attorneys' fees.

## Jury Demand

In accordance with Rule 38 of the Federal Rules of Civil Procedure, East Fork demands trial by jury.

WHEREFORE, having stated its Verified Complaint against Travelers, East Fork respectfully asks that the Court:

1. Enter Judgement on the First Claim for Relief, awarding East Fork all compensable damages in amounts to be proven at trial, plus prejudgment interest;

2. Enter Judgment on the Second Claim for Relief, awarding East Fork three times its compensatory damages in amounts to be proven at trial, East Fork's attorneys' fees, and prejudgment interest; and

3. Award East Fork all further relief the Court deems just and equitable.

This 5th day of August, 2025.

/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. State Bar No. 20723
sdegeorge@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON
600 S. Tryon Street, Suite 2300
Charlotte, NC  28202
(704) 377-8380

*Attorneys for Plaintiff*
*East Fork Pottery, LLC*

## VERIFICATION

Alex A. Matisse, CEO of Plaintiff East Fork Pottery, LLC, being first duly sworn, deposes and says:

I have read the foregoing Verified Complaint and have personal knowledge of the contents thereof; and I verify that the contents of the Verified Complaint are true, except any matters therein alleged upon information and belief, and as to those matters, I believe them to be true.

This the 5th day of August, 2025.

State of North Carolina
County of Buncombe

_____
Alex A. Matisse

Sworn to and subscribed before me

This 5th day of August, 2025, by Alex A. Matisse.

_____
Notary Public   Scott T Haight

My commission expires: 7/7/2029

[Notary Seal: SCOTT T HAIGHT, Notary Public, Buncombe County, My Comm. Exp. 07-07-2029, NORTH CAROLINA]

9