# EXHIBIT B



April 28, 2025

SDeGeorge@robinsonbradshaw.com
704.377.8380 : Direct Phone

**(By Email)**

Antonio R. Morris
Claim Professional
Travelers
P.O. Box 650293
Dallas, TX  75265-0293

Re:  The Phoenix Insurance Company Policy No. Y-630-3Y624710-PHX-24 (the "Policy")
Named Insured:  East Fork Pottery LLC ("East Fork")

Dear Mr. Morris:

I write to introduce myself as East Fork's coverage counsel, and to ask that Travelers reconsider its denials of East Fork's claims under the referenced Policy for business interruption ("BI") losses suffered by East Fork because of Hurricane Helene.  This letter is not a comprehensive statement of East Fork's coverage rights.  East Fork reserves all rights and remedies under the Policy and applicable law.

I believe Travelers' only coverage statements for East Fork's BI claim are set forth in the companion and substantially similar denials dated December 27, 2024 (the "BI Denials").  Please let me know right away if there are additional statements of Travelers' coverage position on East Fork's BI losses and provide copies of any such additional statements.

The BI Denials suggest two reasons for Travelers' denial of the BI claim.  First, that off-site utilities were interrupted allegedly "due to flood damage" and "caused by flood water."  Second, that there was allegedly "no direct physical loss" to insured properties.

The Policy includes the BI Coverage Form that covers "loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration' . . . caused by direct physical loss of or damage to property. . . . The loss or damage must be caused by or result from a Covered Cause of Loss."

The BI Coverage Form covers interruption of business due to loss of utility service if the loss is not excluded in section C of the Deluxe Property Coverage Form or section B of the BI Coverage Form.  These sections exclude coverage for "failure or fluctuation of . . . utility service . . . however caused, if the failure or fluctuation . . . originates away from the described premises . . . [**unless**] the failure or fluctuation of . . . utility service results in a Covered Cause of Loss."  This creates a circular ambiguity because "Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is . . .  excluded or limited" in section C or D of Deluxe Property Coverage Form or section B of BI Coverage Form.  Essentially, these provisions indicate that the BI loss is covered unless it's excluded, and is excluded unless it's covered.

18031001v1 25556.00024

**ROBINSON, BRADSHAW & HINSON, P.A. :** robinsonbradshaw.com
600 S. Tryon St., Ste. 2300, Charlotte, NC 28202 **:** 704.377.2536

Case 1:25-cv-00246-MR-WCM     Document 1-2     Filed 08/05/25     Page 2 of 4

We believe the most reasonable construction is that BI loss resulting from failure of utility service is covered under the BI Coverage Form if the loss of service resulted from a Covered Cause of Loss. Wind is a Covered Cause of Loss, and there can be no dispute that the hurricane force winds caused failure of East Fork's utility services.[1]

Travelers' denial based on the assertion that there was "no direct physical loss" to the insured properties is at odds with the Supreme Court of North Carolina's December 13, 2024 landmark decision in *North State Deli, LLC v. Cincinnati Ins. Co.*, 908 S.E.2d 802 (N.C. 2024) ("*North State Deli*"). The Supreme Court ruled in *North State Deli* that "direct physical loss" as used in the commercial property insurance policies, like the Travelers' Policy here, is "manifestly ambiguous" and therefore must be construed to include the "loss of physical use" of insured property. Under *North State Deli*, East Fork's properties suffered "direct physical loss."

"Civil Authority" is an "additional coverage" under BI Coverage Form.[2] The Policy covers BI losses "when a Covered Cause of Loss [*e.g.*, wind] causes damage" to other property, and that damage results in "action of civil authority that prohibits access to" insured property, if (a) access is prohibited by damage to other property within 100 miles of insured property; and (b) the action of civil authority is taken "in response to dangerous physical conditions" or to enable civil authorities to access damaged property. The local and state governmental travel bans, road barricades and other measures in response to widespread property damage caused by the hurricane force winds, including the downed trees and power transmission lines, trigger the Policy's civil authority coverage.

Finally, East Fork has coverage under the Policy's Broad Form Flood Endorsement. The Endorsement "applies" to civil authority and utility services coverages in the BI Coverage Form, even if the civil authority order and/or interruption of utility services resulted from a flood. Under the Broad Form Flood Endorsement, there is coverage for BI losses for buildings identified in the Declarations, up to the limit specified therein ($5 million) and subject to the applicable deductible ($25,000).

Before closing, allow me to observe that the BI Denials are deficient under North Carolina law. You may be aware of recent coverage litigation in which a Federal District Court in North Carolina awarded treble damages and attorneys' fees against an insurer for its violations of the North Carolina Unfair Claims Settlement Practices Act. Among other things, the Court found that the insurer's coverage correspondence did not meet its obligation to provide a prompt, detailed and coherent explanation of the basis of a coverage denial. *DENC, LLC v. Philadelphia Ind. Ins. Co.*, 426 F.Supp.3d 151, 155 (M.D.N.C. 2019). The Fourth Circuit Court of Appeals affirmed the

---

[1] The BI Denials claimed that Jenny Hassler of East Fork "advised" Travelers that the "off premises damage to the utilities [was] caused by flood waters." I have seen no such statement by Ms. Hassler. Please identify the date and form of Ms. Hassler's alleged statement.

[2] Sam Stickney's December 16, 2024 email to you raised civil authority coverage, in response to which you stated that you had "reviewed the policy again for each loss and will be providing you another written response with policy language." Mr. Stickney's December 26, 2024 email to you reiterated the request for information regarding civil authority coverage. Neither of the BI Denials mentioned the Policy's civil authority coverage. Indeed, none of Travelers' five denials referred to civil authority. Mr. Stickley's February 3, 2025 email to you asked yet again about civil authority coverage. I do not believe you replied to Mr. Stickley.

treble damages judgment against the insurer. *DENC, LLC v. Philadelphia Ind. Ins. Co.,* 32 F.4th 38 (4th Cir. 2022). Travelers' BI Denials include the very same defects for which the Courts in *DENC* awarded treble damages and attorneys' fees.

Thank you, and we look forward to your prompt and favorable response.

Sincerely,

ROBINSON, BRADSHAW & HINSON, P.A.

R. Steven DeGeorge